UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Broughton, # 352070, | ) C/A No. 8:14-1144-RMG-JDA |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Warden Taylor; | ) |
| ~~Attorney General, SC~~, | ) |
| | ) |
| Respondent. | ) |

_____

## *Background of this Case*

Petitioner is an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections. Petitioner is serving an eight-year sentence for felony DUI resulting in death[1] entered in the Court of General Sessions for Berkeley County in Indictment No. 2011-GS-08-0605. In the Petition, Petitioner indicates that he pled guilty [Doc. 1 at 1].

In his answers to questions on the Section 2254 form, Petitioner indicates that he did not file a direct appeal and has not filed an application for post-conviction relief in state court. [*Id*. at 2–3]. In 2014, Petitioner filed a petition for writ of mandamus in the Supreme Court of South Carolina and raised as grounds an excessive sentence, a request for modification or correction of sentence, and the allegation that the victim, Monica Lee, was

---

[1] In the Petition, Petitioner does not disclose his conviction or sentence [Doc. 1 at 1]. A search of the South Carolina Department of Corrections public inmate database furnished the Court with his sentencing information (http://public.doc.state.sc.us/scdc-public/, last visited on March 26, 2014).

not dead [*Id*. at 3–4]. The Supreme Court of South Carolina denied the petition for writ of mandamus *without prejudice* [*Id*. at 3].

Petitioner raises two grounds in the Section 2254 petition: *(I)* Petitioner was indicted and convicted for killing "Monica Lee, who is not Dead" [*Id*. at 6]; *(II)* Petitioner should be released "in fact" or on an appeal bond because of newly discovered evidence [*Id*. at 8]. Appended to the Petition is a copy of the indictment in Petitioner's criminal case relating to the death of Monica Lee [Doc. 1-1 at 1].

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23

(1972). Even under this less stringent standard, the Petition is subject to summary dismissal because Petitioner has not exhausted his state court remedies. With respect to his conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state court remedies. *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)); *Picard v. Connor*, 404 U.S. 270 (1971); s*ee also* 28 U.S.C. § 2254(b). It is clear from the Petition that Petitioner has not exhausted his state court remedies because Petitioner did not file a direct appeal and has not filed an application for post-conviction relief.

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability.

**Petitioner's attention is directed to the Notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

March 28, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).