IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Broughton, # 352070, | No. 8:14-cv-1114-RMG |
| Petitioner, | |
| v. | **ORDER** |
| Warden Taylor, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this 28 U.S.C. § 2254 petition without prejudice and without requiring Respondent to file an Answer or Return. (Dkt. No. 9). For the reasons set forth below, the Court agrees that this action must be dismissed as recommended by the Magistrate Judge.

**Background**

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, the case was automatically assigned to a Magistrate Judge for pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of this pro se petition pursuant to the Rules Governing Section 2254 proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v.*

1

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). Following this review, the Magistrate Judge issued the present R&R. (Dkt. No. 9). Petitioner then filed objections to the R&R. (Dkt. No. 11).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Petitioner's objections, the Court agrees with the Magistrate Judge that this petition must be dismissed. The Magistrate Judge recommended dismissing this action because Petitioner has not filed a direct appeal or an application for post-conviction relief ("PCR") in state court and therefore has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b). Petitioner does not disagree with this assessment in his objections. However, a review of the attachments provided with his objections reveals that following Petitioner's guilty plea and sentencing on August 16, 2012, a notice of appeal to the South Carolina Court of Appeals was filed on his behalf in October 2012. (Dkt. No. 11-4 at 14). Further, Petitioner has attached a copy of an Amended PCR application which the Berkeley County Court of Common Pleas stamped as receiving on December 23, 2013. (Dkt. No. 11-3). A search of the Berkeley County Court's website on April 14, 2014, reveals that the PCR

application is still pending.[1] Thus, this case should be dismissed for failure to exhaust state remedies because the PCR case has not been resolved. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted . . . a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

Finally, Petitioner asserts the Court should entertain this petition notwithstanding his failure to exhaust state remedies because of the extraordinary circumstance of his actual innocence. Actual innocence is a basis for excusing a procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Here, the Court does not base its ruling on procedural default, but rather failure to exhaust, which is a distinct concept. *Justus v. Murray*, 897 F.2d 709, 713 (4th Cir. 1990) (discussing difference between procedural default and exhaustion). Further, Petitioner's claim of actual innocence is not supported by any evidence beyond his own statements. This is not sufficient. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"). Therefore, the Court agrees with the Magistrate Judge that this case must be dismissed.

## Conclusion

For the reasons set forth above, the Court agrees with the Magistrate Judge that this petition must be dismissed. Accordingly, the Court dismisses this petition without prejudice and without requiring Respondent to file an Answer or Return.

---

[1] http://publicindex.sccourts.org/berkeley/publicindex/ (enter "Broughton" in "Last Name" then select Case Number 2013CP0801766).

3

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 15, 2014
Charleston, South Carolina

4